**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

---

**IVAN GABRIEL SANTOS**, *Individually,
and on behalf of himself and all other similarly
situated current and former employees,*

      Plaintiff,

          v.

**EL TORITO MEXICAN RESTAURANT, INC.,**
*A Virginia Corporation*, and
**JOSE SOTO**, *individually*

      Defendants.

**CASE NO.**  _7:20cv00763_

**FLSA Opt-in Collective Action**

**JURY DEMANDED**

---

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Ivan Gabriel Santos ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former tipped employees, brings this collective action against Defendant El Torito Mexican Restaurant, Inc., and Jose Soto ("Defendants") and, alleges as follows:

## I.    <u>INTRODUCTION</u>

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation, and other damages owed to Plaintiff and similarly situated current and former tipped employees of Defendants.

2. This lawsuit is also brought against Defendants as a collective action under Virginia's Virginia Wage Payment Act, Va. Code Ann. § 40.1-29(J) ("VWPA"), to recover unpaid

minimum wages and other damages owed to Plaintiff and similarly situated current and former tipped employees of Defendants.

## II.   JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court further has jurisdiction over the VWPA claims under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this district and worked for Defendants in this district, and Defendants operated and continues to operate a business in this district, out of which many of the events relating to the allegations in this Complaint occurred in this district.

## III.   CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid tipped employees (servers, waiters, waitresses and bartenders) of Defendants who work (or have worked) at Defendants' El Torito restaurants at any time during the last three (3) years up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and/or Va. Code Ann. § 40.1-29(J) . (Collectively, "the class")[1]

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV.    PARTIES

6.  Defendant, El Torito Mexican Restaurant, Inc., is a Virginia Corporation with its principal office address located at 528 East Stuart Drive, Galax, Virginia 24333-0000

7.  Defendant Jose Soto has been the Principal and Owner of El Torito Mexican Restaurant, Inc. at all times relevant. Upon information and belief, Mr. Soto exercised operational control of the corporate Defendant during the relevant period. He may be served process at 206 Matthews St, Galax, VA 24333-3218.

8.  Plaintiff Ivan Gabriel Santos was employed by Defendants as a tipped employee (server & bartender) at their El Torito restaurant in Galax, Virginia from roughly 2017 until approximately November 20, 2020. (Plaintiff Santos' Consent to Join this collective action is attached hereto as *Exhibit A.*)

## V.    FACTUAL ALLEGATIONS

9.  On information and belief, Defendants own and operate El Torito branded restaurants in Virginia.

10. The primary function of Defendants' restaurants is to sell and serve food and beverage items to customers.'

11. To operate their restaurants, Defendants employ individuals as servers and bartenders to serve food and beverage items to their customers.

12. Defendants have employed Plaintiff and those similarly situated and were responsible for establishing and administering their pay and overtime rates of pay under the direction and control of Defendant Soto, during all times relevant to this collective action lawsuit.

13. The decisions regarding the compensation of Plaintiff and other members of the class and, other terms of employment, were made through a centralized management team under the direction and control of Defendant Soto.

14. Defendants were the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

15. Defendants had a time keeping system for the purpose of recording the work time of their employees, including the work time of Plaintiff and those similarly situated.

16. During all times material, Defendants have had a common plan, policy and practice of failing to pay Plaintiff and the putative class an hourly wage.

17. Rather than pay them an any hourly-wage, the only "income" Defendants "provided" Plaintiff and the putative class was to allow them to keep tips that Plaintiff and collective members generated.

18. The FLSA does allow an employer to compensate its employees via a tip-credit system. The Act  allows the employer to pay  only a sub-minimum hourly rate of pay and then credit tips received by tipped employees during their shifts which, when added to the sub-minimum pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

19. However, there are strict requirements under the FLSA for an employer to be eligible to implement and administer such a tip credit compensation plan.

20. Under 29 U.S.C. § 203(m), an employer utilizing such a tip credit compensation plan must inform its tipped employees in advance of its intention to use such plan pursuant to said Section 203(m) of the FLSA.

21. Notably, under Section 203(m) of the FLSA, an employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the [sub-minimum]cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of the respective tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and, (4) that the tip credit shall not apply to any employee who does not receive the Section 203(m) notice.

22. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

23. According to the regulation promulgated by the U.S. Department of Labor, "… tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

24. Defendants failed to inform Plaintiff and, on information and belief, likewise failed to inform those similarly situated of the Section 203(m) four-point notice requirements before or after the beginning of their employment.

25. Not only did Defendants fail to provide the Section 203(m) notices, they also failed to pay Plaintiff and the putative class member any wages **at all**.

26. Consequently, Defendants are liable to Plaintiff and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA minimum wage rate of pay of $7.25 per hour and, any related overtime at the applicable FLSA overtime rate of pay one and one-half times their regular hourly rate of pay for hours over forty (40) per week during all times material to this lawsuit.

27. In addition, Plaintiff and putative class members regularly worked in excess of forty (40) hours per week.

28. Although Plaintiff cannot state precisely how many hours he worked per week for Defendants, he estimates that he typically worked between sixty (60) and seventy (70) hours per week for Defendants.

29. As noted above, Defendants did not pay Plaintiff an hourly wage at all, much less provide him with any overtime time pay for hours worked in excess of forty (40) per work week.

30. As a result, Plaintiff is owed *at least* $217.50 in overtime damages per workweek during the statutory period ($10.87 x 20 overtime hours per week).

31. The aforementioned unpaid wage claims of Plaintiff and those similarly situated are united through common theories of Defendants' FLSA violations.

32. The net effect of Defendants' aforementioned violations was to save payroll costs and payroll taxes. As a consequence, Defendants have thereby enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

33. Although at this stage Plaintiff is unable to state the exact amount owed to him and other members of the class, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

### VI.  FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

35. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

36. Joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and can only be ascertained through applicable discovery.

37. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendants at their El Torito restaurants were subjected to the same operational, compensation and time keeping policies and practices, including Defendants' failure to provide them with at least the applicable minimum wage rate of $7.25 and any applicable overtime rates of pay for all hours Plaintiff and class members worked within weekly pay periods during all times material.

38. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without proper compensation;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without proper compensation;

- Whether Defendants failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage and overtime rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs.

39. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and Plaintiff has retained competent counsel who are experienced in FLSA collective action litigation.

40. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

41. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

### VII.    VWPA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the VWPA, Va. Code Ann. § 40.1-29(J).

43. The claims under the VWPA may be pursued by those who opt-in to this case under Va. Code Ann. § 40.1-29(J).

44. Joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and can only be ascertained through applicable discovery.

45. Plaintiff's claims are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendants as tipped employees at their El Torito

8

restaurants were subjected to the same operational, compensation and time keeping policies and practices, including Defendants' failure to provide them with at least the applicable minimum wage rate of $7.25 and any applicable overtime rates of pay.

46. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without proper compensation;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without proper compensation;

- Whether Defendants failed to pay Plaintiff and the other members of the class Virginia's required minimum wage and overtime rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, treble damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs.

47. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and Plaintiff has retained competent counsel who are experienced in class and collective action litigation.

48. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in

comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

49. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FLSA MINIMUM WAGE & OVERTIME VIOLATIONS

50. Plaintiff, on behalf of himself and other members of the class, repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

51. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

52. Pursuant to its centralized, uniform and common plans, policies and practices, Defendants failed to pay Plaintiff and other members of the class the applicable FLSA minimum wage rates for all hours worked during all times material.

53. At all times relevant and based on the aforementioned allegations, Defendants have had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class at least the applicable FLSA minimum wage rates of pay and any applicable overtime compensation for all their work time within weekly pay periods, as previously described.

54. Defendants have had actual and/or constructive knowledge of refusing to pay Plaintiff and other members of the class for all work time at least at the applicable FLSA minimum wage rate of pay and any overtime compensation within weekly pay periods during all times material.

55. The aforementioned unpaid" wage claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA violations.

56. Defendants' aforementioned FLSA violations were willful with reckless disregard to established FLSA principles and committed without a good faith basis.

57. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Due to Defendants' aforementioned willful FLSA violations and lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendants at least the applicable FLSA minimum wage rates of pay and any applicable overtime compensation for all such unpaid work hours, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## VWPA MINIMUM WAGE VIOLATIONS

60. Plaintiff, on behalf of himself and other members of the class, repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

61.  Pursuant to its centralized, uniform and common plans, policies and practices, Defendants failed to pay Plaintiff and other members of the class the applicable minimum wage for all hours worked. *See* Va. Code Ann. § 40.1-28.10.

62. At all times relevant and based on the aforementioned allegations, Defendants have had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class at least the applicable VWPA minimum wage rates of pay for all their work time within weekly pay periods, as previously described.

11

63.  Defendants have had actual and/or constructive knowledge of refusing to pay Plaintiff and other members of the class for all work time at least at the applicable VWPA minimum wage rate of pay within weekly pay periods during all times material.

64. The aforementioned unpaid wage claims of Plaintiff and class members are unified through a common theory of Defendants' VWPA violations.

65. Defendants' aforementioned VWPA violations were willful, made with actual knowledge, and/or deliberate ignorance or reckless disregard of the VWPA's requirements.

66. Defendants' conduct constitutes a knowing violation of the VWPA within the meaning of Va. Code Ann. § 40.1-29(K).

67. Due to Defendants' aforementioned knowing VWPA violations and lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendants at least the applicable VWPA minimum wage rates of pay for all such unpaid work hours, an additional equal amount as liquidated damages, treble damages, prejudgment interest accruing at an eight percent annual rate from the time the wages were due as well as reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under Va. Code Ann. § 40.1-29(L).

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A.    Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to the FLSA and VWPA apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing their written consent to join

B.    An award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at the applicable FLSA minimum wage rate of pay and, any related overtime at the applicable FLSA overtime rate of pay.

C.    An award of liquidated damages to Plaintiff and other members of the class and prejudgment interest.

D.    An award of post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E.    An award of treble damages for any knowing violation of Va. Code § 40.1-29(J);

F.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

G.    A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action, and

H.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: December 23, 2020                    Respectfully submitted,

*/s/ Johneal Moore White*
Johneal Moore White (VSB #74251)
**GLENN ROBINSON CATHEY**
**MEMMER & SKAFF, PLC**
400 Salem Avenue, S.W., Suite 100
Roanoke, VA 24016
Telephone: (540) 767-2206
Facsimile: (540) 767-2220
*jwhite@glennrob.com*

&

*s/ Gordon E. Jackson*
Gordon E. Jackson* (TN Bar No. 08323)
Robert E. Turner, IV* (TN Bar No. 35364)
Robert E. Morelli, III* (TN Bar No. 037004)
**JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rmorelli@jsyc.com*

*\*Admission Pro Hac Vice Anticipated*